IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNETH MUNSON, | ) | 1:09cv0590 AWI DLB |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT'S MOTION TO COMPEL |
| | ) | (Document 19) |
| vs. | ) | |
| THE CITY OF FRESNO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Defendants City of Fresno, Mike Gebhart and James Rossetti ("Defendants") filed the instant motion to compel discovery responses and request for sanctions on October 12, 2009. The motion was heard before the Honorable Dennis L. Beck, United States Magistrate Judge, on November 13, 2009. Tamara Bogosian appeared on behalf of Defendants. Daniel L. Harralson appeared on behalf of Plaintiff.

**BACKGROUND**

Plaintiff Kenneth Munson ("Munson") filed this civil rights action on March 31, 2009.[1] He alleges that on April 2, 2008, he was in his home garage when Defendants Gebhart and Rossetti

---

[1] Plaintiff amended his complaint on August 5, 2009, to state the true names of Defendants Gebhart and Rosetti. Defendants identify "Rosetti" as James Rossetti.

1

approached with guns drawn.  They forced Plaintiff to the ground, twisting and fracturing his right arm.  His arm was already in a sling when Defendants arrived.  Plaintiff further alleges that Gebhart and Rossetti previously assaulted him on March 17, 2008, twisting his right arm and causing an initial fracture.  Plaintiff claims, among other things, unreasonable seizure in violation of the Fourth and Fourteenth Amendments.  He seeks compensatory, exemplary and punitive damages, as well as attorney's fees and costs.

Defendants answered the complaint on June 2, 2009.

On July 7, 2009, the Court entered a scheduling conference order, setting the deadline for completion of non-expert discovery as December 31, 2009, and the completion of expert discovery as February 26, 2010.

Pursuant to stipulation, the Fresno Police Department was dismissed from this action on August 7, 2009.

On August 14, 2009, Defendant City of Fresno served Plaintiff with Special Interrogatories, Set One, and Request for Production of Documents, Set One.  Plaintiff's responses were due on September 17, 2009.  By stipulation and order, Plaintiff's time to respond was extended to September 24, 2009.

On August 27, 2009, Defendant Gebhart served Plaintiff with Special Interrogatories, Set One.  Plaintiff's responses were due on October 1, 2009.

Plaintiff did not respond to the discovery requests.  On October 2, 2009, Defendants sent Plaintiff's counsel correspondence advising him of Plaintiff's failure to respond.  As of October 12, 2009, Defendants had not received any responses, and they filed the instant motion to compel discovery.

On October 29, 2009, Plaintiff's counsel filed an opposition to the motion to compel.  On that same date, Plaintiff's counsel filed a motion to withdraw as attorney of record.  The motion to withdraw is scheduled for hearing on December 10, 2009.

On November 5, 2009, Defendants filed a reply to Plaintiff's opposition.

# DISCUSSION

A.  Motion to Compel Discovery

Federal Rule of Civil Procedure 37 provides as follows:

(a) Motion for an Order Compelling Disclosure or Discovery.

> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
> . . .

(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.

> (1) In General.
>
>> (A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:
>>
>>> (i) a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition; or
>>>
>>> (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
>>
>> (B) Certification. A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

Defendants explain that Plaintiff has failed to provide any discovery responses. Defendants assert that this failure has prejudiced them from adequately defending against Plaintiff's claims and allegations. Motion, p. 4. By this motion, Defendants request that the Court order Plaintiff to answer the discovery.

In opposition, Plaintiff's counsel explains that he has filed a motion to withdraw as counsel and that Plaintiff "has been uncooperative in counsel's attempts to obtain discovery responses." Opposition, p. 2. Counsel requests that discovery be extended pursuant to Fed. R. Civ. P. 29 to permit Plaintiff to respond through new counsel.

As to discovery, Plaintiff's counsel asserts that Plaintiff has been uncooperative. At the hearing, counsel represented that he sent no less than six letters to Plaintiff between September 15 and October 29, 2009. The Court acknowledges that counsel or his staff (1) requested the rescheduling of Plaintiff's deposition and a 30-day extension of the discovery deadline; and (2) reminded Plaintiff that he "must respond to ... discovery before opposing counsel files a motion to compel against you." Exhibit 4 to Declaration of Lisa Almanza. However, according to the declarations and exhibits submitted by counsel, the majority of contacts and correspondence with Plaintiff focused primarily on obtaining a signed substitution of counsel form and not on discovery responses. There is no indication that counsel attempted to meet with Plaintiff for the purpose of ensuring timely discovery responses. There also is no indication that counsel made an effort to start preparation of even partial interrogatory responses or to preserve any objections to discovery that Plaintiff might have.

Insofar as Plaintiff requests an extension of the discovery deadline, Defendants correctly assert that Plaintiff has not established good cause and due diligence to modify the scheduling order. Fed. R. Civ. P. 16(b)(4). Rule 16(b) of the Federal Rules of Civil Procedure authorizes the district court to control and expedite pretrial discovery through a scheduling order and states that a schedule shall not be modified except upon a showing of good cause. In this context, "good cause" has been linked with the diligence of the party requesting the modification. See Zivkovic v. Southern California Edison Co., 302 F.3d. 1080, 1087-1088 (9th Cir. 2002); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson, 975 F.2d at 609.

As Plaintiff has failed to respond to discovery and has failed to establish good cause to modify the scheduling order, Defendants' motion to compel is GRANTED.

B.   Request for Expenses

Defendants request that the Court award sanctions based on Plaintiff's failure to respond to discovery. Pursuant to Fed. R. Civ. P. 37, if the motion to compel is granted, the Court must, after

giving an opportunity to be heard, require the party whose conduct necessitated the motion, the attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5).

According to the declaration of defense counsel, Tamara Bogosian, her hourly rate in this matter is $100.00. She spent 3 hours preparing the motion to compel and anticipates 1 additional hour to prepare a reply and attend the hearing. Bogosian Dec. ¶14. Therefore, Defendants request attorney's fees in the total amount of $400.00.

Plaintiff's counsel opposes the request and represents that sanctions against counsel would be unjust because he has made numerous efforts to obtain discovery responses. As discussed, the Court does not find that counsel has been diligent in his efforts relative to discovery. Counsel also provides no reason why Plaintiff should not be sanctioned.

As Plaintiff has failed to respond to Defendants' discovery requests, an award of attorneys' fees is appropriate pursuant to Fed. R. Civ. P. 37(a)(5). Accordingly, Defendants' request is GRANTED.

## CONCLUSION

As outlined above, Defendants' motion to compel is GRANTED. Plaintiff Kenneth Munson shall provide responses, without objection, to the requested discovery within twenty (20) days of the date of this order. Plaintiff is advised that a failure to respond to the requested discovery within the time specified by this Court may result in a recommendation that this action be dismissed.

In addition, the Court AWARDS Defendants the expenses incurred in making the motion in the amount of $400.00. Plaintiff Kenneth Munson and his counsel shall pay this amount to Defendants within twenty (20) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **November 18, 2009**              /s/ Dennis L. Beck
                                   UNITED STATES MAGISTRATE JUDGE